LEONCIA VÁZQUEZ DE SILVA y JUAN VÁZQUEZ BOIRIÉ, demandantes y apelantes, *v.* SUCN. CÁNDIDO DE LOS SANTOS, compuesta de su viuda FERNANDA MARIÑO y sus sobrinos AGUSTÍN e ISABELINO LEDEÉ, demandada y apelada.

No. 6293.—*Sometido:* Julio 10, 1933. *Resuelto:* Julio 18, 1933.

*Pedro E. Anglade,* abogado de las apelantes; *José J.* y *José C. Aponte,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La regla 42 de esta corte provee que el alegato del apelante "contendrá una relación fiel y concisa de la causa tal como conste en los autos; así como una exposición de los errores en que funda su recurso." La apelada solicita la desestimación del presente recurso fundada en que el alegato de los apelantes deja de cumplir con este requisito. La regla 60 dispone que "si el apelante dejare de cumplir cualquiera de los deberes o requisitos que las leyes o estas reglas le impongan, el tribunal puede desestimar de oficio la apelación en cualquier día o a moción de la parte apelada, previa notificación al apelante."

La relación del caso así impugnada dice sustancialmente como sigue: que Cándido de los Santos Boirié tuvo dos hijos naturales, a quienes dió el permiso de usar su apellido, a quienes puso en las escuelas privadas pagando él las correspondientes cuotas mensuales, a quienes tuvo viviendo en la compañía de la señora madre de dicho Cándido de los Santos Boirié hasta que se casó, cuando se los llevó a su hogar; que luego ambos hijos, uno por su oficio y luego por haberse casado, y la otra por haber contraído matrimonio, se separaron de la casa del padre pero continuando ellos en las propias relaciones de padre para con hijos; que a amigos, parientes y conocidos el padre les presentaba sus hijos como tales y en forma ostensiva, pública y marcada, demostraba satisfacción por haber sido premiado por Dios concediéndole

esos dos hijos, ya que él en su matrimonio no tuvo hijos legítimos; que antes de morir el padre, en conversación con uno de los hijos naturales y con un viejo amigo del padre, precisamente con respecto al *status* de sus hijos, como éste les llamaba, les hizo saber que él lo tenía todo previsto, que no se apuraran que ellos aparecerían reconocidos en su testamento escrito; que Cándido de los Santos falleció y que su testamento, que seguramente sería ológrafo, no ha aparecido; y que los hijos iniciaron este recurso que la corte declaró sin lugar y que entonces ellos apelaron.

El señalamiento de errores es que la corte de distrito erró al no conceder permiso a los demandantes para que enmendaran su demanda; que la corte erró al dictar sentencia mediante solicitud *ex parte,* que no fué notificada a los demandantes, sin darles oportunidad a éstos para que expusieran su derecho, en oposición a la moción solicitando se dictara sentencia y que se impusieran las costas, negándoles así su día en corte; y que la sentencia dictada es contraria a derecho.

El fin primordial de la relación del caso exigida por la regla 42 es exponer los hechos en que se basa el señalamiento de errores. La llamada relación del caso arriba reseñada deja marcadamente de cumplir con ese requisito. No contiene información alguna respecto a cómo, cuándo o bajo qué circunstancias la corte de distrito cometió error al no conceder a los demandantes permiso para enmendar su demanda. No hace mención de ninguna moción para que se dictara sentencia. No arroja luz sobre los hechos que dieron lugar a la contención de que la sentencia es contraria a derecho. Deja enteramente de revelar cómo surgieron ante la corte de distrito las cuestiones indicadas por el señalamiento de errores.

En vez de desestimar el recurso en esta ocasión, tal cual podría hecerse de conformidad con la regla 60, supra, se concederá a los demandantes quince días para radicar un nuevo alegato.